## ARGYLE v. MITCHELL.

No. 3651.  Decided Nov. 10, 1921.  Rehearing Denied December 28, 1921.  (202 Pac. 542.)

WATERS AND WATER COURSES—JUDGMENT AWARDING WATER RIGHTS HELD NOT INDEFINITE AND UNCERTAIN. A judgment of the right to water, awarding one-fourth to plaintiff and three-fourths to the defendant, is not objectionable as being indefinite and uncertain.

Appeal from District Court, Second District, Davis County; *A. E. Pratt,* Judge.

Suit by Thomas Argyle against David E. Mitchell. From a judgment settling water rights between plaintiff and defendant, plaintiff appeals.

AFFIRMED.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for appellant.

*H. A. Smith & Son,* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff commenced this action in the district court of Davis county against the defendant to quiet the title to the use of certain waters in himself, and for damages. The defendant denied plaintiff's alleged rights in and to the waters claimed by him, and in a counterclaim alleged that he was entitled to the use thereof, and prayed that the right to the use thereof be quieted in him. The pleadings are very voluminous, and in view that there is no controversy concerning them, they will not be further referred to herein.

The plaintiff before the commencement of the trial withdrew his claim for damages, and the case proceeded to trial

upon the issue respecting which one of the parties had the prior right to the use of the waters in question. The lands of plaintiff and defendants are contiguous. Plaintiff's lands are immediately north of those of the defendant, and lie along the east shore of the Great Salt Lake. The waters in question come from the Wasatch mountains to the east, and run westerly through the valley toward the Great Salt Lake. The waters claimed by plaintiff must pass over or through defendant's lands before they reach plaintiff's lands. At least a part of the waters in question is what remains unused for irrigation by those who own lands in the valley lying to the east and southeast of plaintiff's and defendant's lands, while some of it comes from seepage and springs which are fed, from the waters that are used for irrigation upon the lands lying to the east as aforesaid.

A great mass of evidence, covering a period of more than 50 years, was produced at the trial. The district court, after hearing the evidence, and after going on to and over the lands in question, and after making a personal inspection of the sources of the waters in question, including the streams, ditches, etc., made findings of fact and conclusions of law, and entered a decree wherein it apportioned the waters in question, one-fourth thereof to the plaintiff and three-fourths thereof to the defendant, and quieted the right to the use thereof in the proportions aforesaid in the respective parties. The plaintiff appeals, and vigorously assails some of the findings of fact, and especially complains of the apportionment of the waters as made by the court.

As before stated, the evidence is very voluminous, coming from a larger number of witnesses. The district court apparently took great pains to ascertain the actual facts, and to apply them to the conditions as they existed upon the ground. That court not only had the opportunity of observing the witnesses but it also had the opportunity of going over the whole situation concerning which they testified, and was thus better able to understand the full import of their statements and to give them such credit as they were entitled to than we are. After a careful examination of the record, however,

we feel constrained to say that we can find no good reason for interfering with the court's finding of facts nor with its conclusions of law, nor with the decree enteder by it. In view of the circumstances it would be needless work for us to state the evidence, or even the substance thereof, in order to convince the reader that the court's findings and judgment are amply supported thereby. If we undertook to state the evidence in support of a particular finding, we, in fairness to both sides, would be required to state that in opposition thereto. In doing that, however, we could subserve no good purpose, and hence it must suffice to say that we fully concur in the apportionment of the waters as made by the district court.

Nor is there any merit to the contention that the apportionment as made is indefinite and uncertain. It is as definite and as certain as, under all the circumstances of the case it could well be made, and, if the parties will only make a reasonable effort to comply with the decree of the court in that regard, they will find little, if any, difficulty in apportioning the waters in accordance with the terms of the decree.

Plaintiff also insists that the court erred in apportioning the expense of maintaining a certain ditch. There is no merit to that contention. Quite apart from the fact that, in view of the evidence, the apportionment of the expense as made by the court is equitable and just, the stipulation entered into by the parties also justified that part of the judgment.

While it may be true, as contended by plaintiff, that some of the findings are somewhat inconsistent, yet it is also true that those findings are not controlling. Indeed, they can be given little, if any, effect upon the controlling question involved in the controversy. The controlling question was, What were the rights of the respective parties to the waters in question? In view of the facts and circumstances of this case, we cannot conceive how that question could have been solved differently from the way in which it was solved.

The judgment should therefore be, and it accordingly is, affirmed, with costs taxed against the appellant.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.